UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KEITH E BERRY,

                Plaintiff,

  v.

ROBERTS,

                Defendants.

Case No. C20-5269 BHS

ORDER TO SHOW CAUSE OR AMEND THE COMPLAINT

This matter is before the Court on plaintiff's application for *in forma pauperis* status in this matter and filing of a proposed complaint. Plaintiff is proceeding in this matter *pro se*. Considering deficiencies in the complaint discussed below, however, the undersigned will not grant IFP or direct service of the complaint at this time. On or before **July 30, 2020**, plaintiff must either show cause why this cause of action should not be dismissed or file an amended complaint

DISCUSSION

The Court must dismiss the complaint of a person who requests to proceed *in forma pauperis* "at any time if the [C]ourt determines" that the action: (a) "is frivolous or malicious"; (b) "fails to state a claim on which relief may be granted"' or (c) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(a), (b). A complaint is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy*, 745 F.3d 1221, 1228 (9th Cir. 1984).

ORDER TO SHOW CAUSE OR AMEND THE
COMPLAINT - 1

Before the Court may dismiss the complaint as frivolous or for failure to state a claim, though, it "must provide the *pro se* litigant with notice of the deficiencies of his or her complaint and an opportunity to amend the complaint prior to dismissal." *McGuckin v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992); *see also Sparling v. Hoffman Constr., Co., Inc.*, 864 F.2d 635, 638 (9th Cir. 1988); *Noll v. Carlson*, 809 F.2d 1446, 1449 (9th Cir. 1987). On the other hand, leave to amend need not be granted "where the amendment would be futile or where the amended complaint would be subject to dismissal." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).

A plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant, and he must allege an affirmative link between the injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976). Sweeping conclusory allegations against an official are insufficient to state a claim for relief. *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988).

Additionally, Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554 (2007) (*citing Conley v. Gibson*, 355 U.S. 41 (1957)). The complaint must include more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly,* 550 U.S. at 555-557.

To state a claim under 42 U.S.C. § 1983, a complaint must allege: (1) the conduct complained of was committed by a person acting under color of state law, and (2) the conduct deprived a person of a right, privilege, or immunity secured by the

ORDER TO SHOW CAUSE OR AMEND THE
COMPLAINT - 2

Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985).

Here, plaintiff alleges that on or about October 25, 2019, in St. Joseph Medical Center, two deputies of the Tacoma Police Department, Deputy Roberts and Deputy Holznagel, exposed his private parts to a woman not his wife or family member. Dkt. 1-1, at 4-5. He asserts that this violated his Eighth Amendment, Fourteenth, and First Amendment rights to equal protection and religious expression as a Muslim. Plaintiff claims to be seeking counseling for depression as a result of the incident. He seeks $50,000 in compensatory and punitive damages for his mental anguish.

Plaintiff's complaint suggests a violation of his First Amendment right to freedom of religious expression, given plaintiff's sincere religious beliefs forbidding him from exposing his body to women outside his family. Yet the complaint contains no further facts describing any specific actions taken by either defendant. The bare allegation that the two deputies "conspired to expose" plaintiff's body to a stranger is too vague and conclusory to state a claim under Section 1983. *See* Dkt. 1-1, at 4. Without further details of the defendants' conduct and affirmative link to the resulting injury, the complaint is insufficient. *See Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

Furthermore, plaintiff appears to be a private citizen not currently in confinement or otherwise serving any criminal sentence. The Eighth Amendment protects against those convicted of crimes from abuse, obduracy, or wantonness on the part of prison officials or others "entrusted with the criminal-law function of government." *Whitley v. Albers*, 475 U.S. 312, 320 (1986) (citing *Ingraham v. Wright*, 430 U.S. 651, 664 (1977).

ORDER TO SHOW CAUSE OR AMEND THE
COMPLAINT - 3

It has no application outside of the post-conviction context of punishment. Therefore, there is no possible Eighth Amendment violation to be alleged in this case.

## CONCLUSION

Due to the deficiencies described above, the Court will not serve the complaint. Plaintiff may show cause why his complaint should not be dismissed or may file an amended complaint to cure, if possible, the deficiencies noted herein, **on or before July 30, 2020.** If an amended complaint is filed, it must be legibly rewritten or retyped in its entirety and contain the same case number. Any cause of action alleged in the original complaint that is not alleged in the amended complaint is waived. *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997), *overruled in part on other grounds*, *Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012).

**The Clerk is directed to send Plaintiff the appropriate forms for filing a 42 U.S.C. § 1983 civil rights complaint and for service, a copy of this Order and the** *Pro Se* **Information Sheet.**

Dated this 2nd day of June, 2020.

Theresa L. Fricke
United States Magistrate Judge

ORDER TO SHOW CAUSE OR AMEND THE COMPLAINT - 4